UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMIE WILSON, | Civil Action No. 15-3836 (MCA) |
| Plaintiff, | |
| v. | OPINION |
| HUDSON COUNTY PROSECUTORS OFFICE, et al., | |
| Defendants. | |

ARLEO, United States District Judge:

I. **INTRODUCTION**

Plaintiff, currently confined at South Wood State Prison, seeks to bring this § 1983 action *in forma pauperis*. Based on his affidavit of indigence (ECF No. 8), the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. Plaintiff has sued the Hudson County Prosecutor's Office and the Office of the Public Defender for alleged violations of 42 U.S.C. § 1983 arising from his indictment, trial, and conviction on aggravated assault charges and seeks both (1) damages and (2) either the invalidation of the indictment/conviction or a reduction in the charges against him. Because state prisoners seeking relief in federal court must use habeas corpus to invalidate their convictions or reduce their sentences, and because

Plaintiff's damages claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) until such time that Plaintiff invalidates his conviction, the Court will dismiss Plaintiff's Complaint without prejudice at this time.

## II. FACTUAL BACKGROUND

Plaintiff is currently confined at South Wood State Prison, and his allegations arise from his 2014 conviction for aggravated assault, N.J.S.A. 2C:12-1(b).[1] According to the New Jersey Department of Corrections Offender Database, Plaintiff was sentenced on October 31, 2014.[2] Plaintiff has sued the Hudson County Prosecutor's Office and the Office of the Public Defender[3] based on allegations of misconduct by the unidentified prosecutor and public defender involved in his case. (ECF No. 1, Compl. at 1). Although Plaintiff's Complaint is rambling and disjointed, the gravamen of his Complaint appears to be that he was indicted by a grand jury and convicted of aggravated assault based on false evidence that that his victim sustained a serious eye injury during the March 17, 2013 altercation with Plaintiff when in fact the victim's loss of

---

[1] From the outset, Plaintiff's Complaint is rambling and does not provide the dates of his arrest, indictment, or conviction. Plaintiff's Complaint, however, lists the offense date as March 17, 2013 and the trial date as September 9, 2014. (ECF No. 1, Compl. at 2, 4.) The New Jersey Department of Corrections Offender Database ("NJDOC Offender Database") indicates that Plaintiff is a convicted prisoner, serving a maximum term of four years for aggravated assault with a weapon, N.J.S.A. 2C:12-1B. *See* NJDOC Offender Database, Offender Details, available at https://www20.state.nj.us/DOC_Inmate/details?x=1019548&n=0.

[2] *See* NJDOC Offender Database, Offender Details, available at https://www20.state.nj.us/DOC_Inmate/details?x=1019548&n=0

[3] The Hudson County Prosecutor's Office and the Office of the Public Defender are the only entities listed as Defendants. Plaintiff handwritten Complaint contains allegations against the individual prosecutor who handled his case and public defender who represented him. Because adding these unidentified individuals to the caption will not change the result, the Court declines to do so here and expresses no opinion regarding whether Plaintiff could successfully assert claims against these individuals if he were to invalidate his conviction at a future date.

2

sight was due to age and/or hereditary illness and not the altercation with Plaintiff.[4] (*See* ECF No. 5, Compl. at 5.)

With respect to the prosecutor, Plaintiff alleges the prosecutor made false statements to the grand jury about the extent of the victim's injuries, improperly acted as a witness in in the grand jury proceedings, failed or turn over exculpatory evidence at trial, improperly provided expert testimony of a medical nature, refused to charge Plaintiff with lesser-included offenses, and told Plaintiff he was eligible for an extended term, when he was not. (See ECF No. 1.) Plaintiff further alleges that his defense counsel was deficient in failing to challenge the prosecutor's false statements and fabricated evidence, failing to obtain a medical expert, and failing to make any pretrial motions to compel discovery. (*Id.*)

Plaintiff does not directly seek his release from prison. Instead, he seeks damages and equitable relief, stating the following in the "relief sought" section of his Complaint: "I, Jamie Wilson, . . . come before the Court to Request the grant of relief for $ 2.5 million U.S. dollars, to be dismissed of Indictment, and if any possible way Indictment could not be dismissed[,] I request the lower lesser-included offense accompanied by the U.S. currency amount above." (*Id.*, Compl. at 8.)

III. <u>ANALYSIS</u>

a. **Standard for *Sua Sponte* Dismissal under the Prison Litigation Reform Act**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B),

---

[4] Plaintiff also alleges that the victim's statement indicating that he had been punched in the eye, rather than cut, was withheld from Plaintiff until after jury selection had begun. (*Id.*, Compl. at 3, 5.)

3

seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

### b. Plaintiff's Claims are Not Cognizable Under Section 1983

Plaintiff's Complaint and the relief requested require the Court to explain the intersection between habeas corpus petitions and civil rights claims. Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004). In general, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action." *Id.*

It is well established that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Thus, state prisoners "must use habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (U.S. 2005).

Likewise, a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence. *Id.* (*citing Heck v. Humphrey*, 512 U.S. 477). The Supreme Court held in *Heck v. Humphrey* that an action under § 1983 seeking "damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

4

conviction or sentence invalid" is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-7; *see also Wilkinson*, 544 U.S. at 80. Summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson*, 544 U.S. 74, 81–82 (emphasis in original); *see also Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006) (explaining same).

Here, Plaintiff's seeks monetary damages <u>and</u> either the complete invalidation of his conviction or the imposition of a lesser-included offense in place of his conviction. Plaintiff's request to have his conviction invalidated by the Court or replaced with a lesser-included offense is barred because either judicial determination would either compel his immediate release or reduce his sentence. Either way, such actions would "necessarily impl[y] the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. This type of relief, if sought in federal court, may only be brought through a habeas petition after exhausting all available state court remedies.[5]

---

[5] A state prisoner may not filed a petition for habeas corpus in federal court until he has exhausted his state remedies. 28 U.S.C. § 2254(b) and (c). This requirement serves the interests of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) ("Comity ... dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). "The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the federal courts in their review." *Walker v. Vaughn*, 53 F.3d 609, 614 (3d

Likewise, his damages claims are plainly barred by *Heck* because the relief sought would imply the invalidity of his conviction for aggravated assault, for which he is still serving a sentence. Because Plaintiff's federal claims for damages and injunctive relief are not cognizable under § 1983 at this time, the Court will dismiss the entire Complaint without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n. 7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").

## IV. CONCLUSION

For the reasons expressed herein, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses his Complaint without prejudice at this time. An appropriate Order follows.

_____
Madeline Cox Arleo, U.S.D.J.

Date: Oct 30, 2015

---

Cir. 1995). It is not clear from Plaintiff's Complaint whether he has exhausted any or all of his claims in state court, and the Court expresses no opinion about the validity of those claims at this time.